IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SAMUEL E. HARRIS,

    Plaintiff,

vs.                                  Case No. 4:06cv148-RH/WCS

JEB BUSH, et al.,

    Defendants.

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated in the custody of the Florida Department of Corrections, has submitted a *pro se* petition for injunction. Doc. 1. Plaintiff has not submitted the filing fee for this case. Plaintiff also has not submitted an *in forma pauperis* motion because Plaintiff has had three or more prisoner actions dismissed on the grounds that they were either frivolous, malicious, or failed to state a claim. Accordingly, Plaintiff is not entitled to *in forma pauperis* status in the federal courts. 28 U.S.C. § 1915(g).

In January, Plaintiff had case 4:05cv422-MP/AK dismissed because Plaintiff was not entitled to proceed *in forma pauperis* and did not pay the required filing fee. Docs.

3, 5 of that case.  The Order adopting the report and recommendation, doc. 3, was entered on January 11, 2006, doc. 5, and, obviously Plaintiff is well aware that he is not entitled to proceed without full prepayment of the court's $250.00 filing fee.  Furthermore, in February of 2006, Plaintiff attempted to file numerous new cases in this Court, all of which were dismissed in March of 2006 because Plaintiff is not entitled to bring cases without full prepayment of the filing fee.  See cases 4:06cv65, 4:06cv73, 4:06cv74, 4:06cv75, 4:06cv92, 4:06cv93, and 4:06cv94.  Several more report and recommendations are pending in these cases:  4:06cv76, 4:06cv77, and 4:06cv78.

The allegations in this petition have been reviewed, and they fail to demonstrate that Plaintiff is in imminent danger of serious physical injury.  Plaintiff's allegations do not bring him within the imminent danger exception to § 1915(g).  Accordingly, because Plaintiff has previously received a "strike" in cases 1:04cv02-MP/AK, 1:03cv169-MP/AK, and 1:04cv414-MP/AK, this case must be dismissed without prejudice to Plaintiff refiling the case and *simultaneously* submitting the full filing fee.  See Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's petition, doc. 1, be **DISMISSED without prejudice** because Plaintiff is barred by 28 U.S.C. § 1916(g) from initiating a civil rights case in federal court without full payment of the filing fee at the time he submits the complaint.

**IN CHAMBERS** at Tallahassee, Florida, on April 6, 2006.

     s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**